IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARON DEMOND BELL, TDCJ #658921, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-1693 |
| DOUG DRETKE, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Baron Demond Bell, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Bell has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. However, after reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.     BACKGROUND**

Bell is presently incarcerated as the result of a conviction for burglary of a habitation. Bell does not challenge his underlying conviction here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Ferguson Unit, where he remains in custody.

According to the petition and supporting memorandum, Bell was found guilty on September 28, 2004, in disciplinary case #20050022390, of violating prison rules by making an unauthorized commodity exchange. As a result of the disciplinary conviction, Bell was restricted to his cell for forty-five days and he lost forty-five days of commissary privileges. He was also reduced in classification status from S-3 to S-4. As an indirect result of this conviction, Bell complains that his parole review has been set off. Bell filed a step 1 and step 2 grievance to challenge the conviction, but his appeal was unsuccessful.

In his pending petition for federal habeas corpus relief, Bell complains that he was denied due process at his disciplinary proceeding because the charging officer's report did not constitute sufficient evidence to support a finding of guilt. Notwithstanding the arguments made in the petition, the Court finds that Bell is not entitled to federal habeas corpus relief as a matter of law for reasons discussed briefly below.

## II.   DISCUSSION

The petitioner in this case seeks federal habeas corpus relief from a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34, 113 S. Ct. 1710, 123 L. Ed.2d 353 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed.2d 935 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed.2d 418 (1995). Such an interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*, 515 U.S. at 484 (internal citations omitted). In Texas, only those sanctions resulting in the loss of good-time credits by inmates eligible for release on mandatory supervision or otherwise directly and adversely affecting release on mandatory supervision will result in an imposition upon a protected liberty interest. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). In this case, Bell ultimately demonstrates no due process violation because the sanctions imposed do not implicate a protected liberty interest.

The only sanctions imposed against Bell were lost commissary privileges, a temporary cell restriction, and a reduction in classification status. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The imposition of a restriction on commissary or recreation privileges, and a cell restriction or

3

solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation). The Fifth Circuit has also decided that a reduction in a prisoner's class status and its potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996). To the extent that Bell complains that the disciplinary conviction has indirectly affected his parole eligibility, it is well established that there is no protected liberty interest in obtaining parole in Texas. *See Madison*, 104 F.3d at 768-69; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

Because the sanctions assessed against Bell do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). It follows that Bell is not entitled to habeas corpus relief.

### III.  CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed.2d 542 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **May 12, 2005**.

_____
Nancy F. Atlas
United States District Judge